MARGARET E. HARAN, Respondent, v. ELSA M. SCHULZE and DANIEL W. LOSEE, Appellants.— Motion for stay denied, with ten dollars costs, and temporary stay vacated. Present — Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ.

JOHN W. MYERS, Respondent, v. THE BOSTON AND MAINE RAILROAD, Appellant.— Motions denied, without costs. Present — Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ.

CHARLES A. BEEKMAN, Respondent, v. NEWMAN & CAREY SUBWAY CONSTRUCTION COMPANY, INC., Appellant.— Order of the Appellate Term affirmed, with costs. No opinion. Mills, Rich and Kelly, JJ., concurred; Jenks, P. J., and Jaycox, J., dissented.

ELLEN BOURKE, an Infant, by MARY J. BOURKE, Her Guardian ad Litem, Appellant, v. MARY T. BOURKE and Another, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ., concurred.

ELLEN BOURKE, an Infant, by MARY J. BOURKE, Her Guardian ad Litem, Appellant, v. MARY T. BOURKE and Another, Respondents.— The complaint was dismissed on the ground that it did not state facts sufficient to constitute a cause of action. The defect in the complaint was that the cause of action alleged belonged to the personal representatives of Thomas A. Bourke, deceased, and not to this plaintiff. An administrator for the purpose of this action may be appointed under section 2589 of the Code of Civil Procedure. Judgment unanimously affirmed, with costs. Present — Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ.

ELIZABETH A. BROWN, Appellant, v. EVELYN CHASE, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

MARY F. CLARK, Appellant, v. ALEXANDER THOMPSON, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ.

LUISA FERRARA, Appellant, v. LIZZIE O'HARA, Formerly LIZZIE GEOGHEGAN, and Others, Defendants. HOLLAND MERCANTILE CORPORATION, Purchaser, Respondent.— Orders of the County Court of Kings county reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The purchaser upon the sale having discovered defects in the title, plaintiff was entitled to a reasonable opportunity to perfect the title by probating the last will and testament of Ellen Geoghegan. (*Moir* v. *Flood*, 66 App. Div. 544; *Barr* v. *Benzinger*, 27 id. 590.) The claims of the general creditors, if Ellen Geoghegan had any, had long since expired by reason of the Statute of Limitations. (*Sanford* v. *Sanford*, 62 N. Y. 553; *Chapman* v. *Fonda*, 24 Hun, 130.) At the time of the death of Ellen Geoghegan real estate passing to the children of the deceased was not subject to a transfer tax. (Laws of 1903, chap. 44.)* Plaintiff has

* *Sic.* See Tax Law (Gen. Laws, chap. 24; Laws of 1896, chap. 908), § 221, as amd. by Laws of 1903, chap. 41.— [REP.